THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS GALÍNDEZ SANTELLO, Defendant and Appellant.

No. 12817.   Argued December 10, 1947.—Decided December 22, 1947.

---

880

*Otero Suro & Otero Suro* for appellant.  *Luis Negrón Fernández, Attorney General, J. Rivera Barreras, Prosecuting Attorney,* and *Alberto Picó Santiago, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

Alfredo Ferrán, Luis Galíndez, and Luis Alvarez were charged with a violation of § 21 of the Puerto Rico Racing Act (Act No. 11 of 1932, Laws of 1931–32, p. 194), as amended by Act No. 184 of May 14, 1941 (Laws of 1941, p. 1386), in connection with § 22 of said Racing Act.[1] The offense charged consisted in that the defendants, without the authorization of the Racing Commission of Puerto Rico, operated a *banca alemana* (*pari-mutuel*) within the Quintana Race Track, in connection with a horse race that was held there on the day of the occurrence, Ferrán acting as banker, Alvarez as bettor, and the appellant herein, Luis Galíndez, as collector, who was sentenced to pay a fine of $50 or to an alternative penalty of imprisonment.

The first assignment of error refers to the alleged failure of the complaint to state facts sufficient to constitute the crime charged because it was not alleged therein that

---

[1] "Section 21.—The system of betting known in Puerto Rico as 'pool' and the betting in the *bancas alemanas*, subscription funds, and mutuels, as well as any other system of betting, may be established only for the days on which horse races are held, and in connection with said races, within the race tracks authorized by the Insular Racing Commission, and may be operated only by the natural or artificial persons exploiting the race tracks in operation; *Provided*, That the Insular Racing Commission shall not authorize more than eight subscription funds during any one fiscal year.

"Section 22.—The maintenance and operation of the business of a pool, of the system known as *pari-mutuel*, of bookmaking, or of *bancas alemanas* or *subscription funds* in connection with horse races, are hereby strictly prohibited and declared illegal, except as authorized by this Act."

defendant Galíndez was not one of the natural or artificial persons who operate the race tracks in Puerto Rico. The appellant contends that it is not sufficient for the complaint to state that the defendant was not authorized by the Racing Commission to operate a *banca alemana.*

A careful examination of the Act convinces us that the error alleged was not committed. Section 21 of the Racing Act, *supra,* provides that the *bancas alemanas* may be established only for the days on which horse races are held within the race tracks authorized by the Racing Commission and, furthermore, that said *bancas* may be operated *only* by the natural or artificial persons exploiting the race tracks in operation.. Section 22 of the same Racing Act, *supra,* strictly prohibits and declares illegal "the bookmaking or *bancas alemanas* or subscription funds in connection with horse races, . . . except as authorized by this Act." According to the provisions of those two Sections, the operation of *bancas alemanas* within one of the race tracks authorized by the Racing Commission, by a natural or artificial person other than the one exploiting said race track, is strictly prohibited and is illegal.

The contention of the appellant that § 27 of the Racing Act [2] allows a person to operate a *banca alemana* without any direct authorization from the commission, is untenable. Section 21 of the Racing Act, *supra,* authorizes the establishment of *bancas alemanas* for the day on which horse races are held within the race tracks authorized by the Insular Racing Commission and expressly provides that said *bancas* may be operated only by the persons who exploit said race tracks. The Act does not contain any provision which

---

[2] "Section 27.—Any natural or artificial person who, in accordance with this Act, establishes, or has duly established, a race track in Porto Rico, and operates, or allows another person to operate, *bancas alemanas* or pools within the race-track grounds, shall be liable to bettors for any just claim; *Provided,* That the decisions of the jury and of the Insular Racing Commission shall constitute sufficient authority so that the owner of the race track who abides by such decisions shall be relieved of further responsibility."

empowers the operators of the race tracks to authorize other persons to exploit within their race tracks *bancas alemanas* or pools. Section 27 of the Act only provides that if the operator of a race track allows another person to operate a *banca alemana* within his race track, he shall be liable to bettors in said *banca* for any just claim. It was not necessary for the complaint to allege that the defendant was not one of the persons authorized to operate the *banca*. The allegations made were more than sufficient to inform the defendant of the nature of the offense charged against him. If he was authorized to operate the *banca alemana,* it was incumbent on him to allege and prove such fact as a defense. The district attorney was not bound to prove that the defendant was not covered by the exception.[3]

■■ The other two assignments relate to the sufficiency of the evidence. The evidence for the Government tended to show that the defendant-appellant and Ferrán operated and exploited a clandestine *banca;* the defendant acting as collector and Ferrán as banker; that the appellant was seen while he received money from various persons to bet in said *banca* and also when he paid to the bettors who had won; that the defendant was arrested at the time he delivered to Ferrán the proceeds of the bets amounting to $200, in bills which were seized; that there was taken from Ferrán a notebook which contained the names of the horses and those of the bettors and the sum bet by each of the latter; and that the files of the Insular Racing Commission failed to disclose that the defendants were authorized to operate *bancas alemanas* in the race tracks. The evidence introduced by the defense tended to show that the accused had entered into a partnership with a friend to bet on the legitimate *bancas* of the race track; and that the defendant was arrested by the police at the time he was carrying his own money and that of his friend in order to bet the same.

---

[3] *People* v. *Ramírez,* 65 P.R.R. 641; *People* v. *Avilés,* 54 P.R.R. 257; *People* v. *Giraud,* 52 P.R.R. 30.

The lower court resolved the conflict by according credit to the evidence for the prosecution. Since said evidence is sufficient to support the complaint, and since it has not been proved that the lower court committed manifest error in weighing the same or that it acted under the influence of passion, prejudice, or partiality, it is our duty to affirm the judgment appealed from.